IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,882-01






EX PARTE MARCOS DESHAWN ADAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10853JD-HC-1 IN THE 1ST DISTRICT COURT


FROM JASPER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of impersonating
a public servant and sentenced to thirty-five years' imprisonment. The Ninth Court of Appeals
affirmed his conviction. Adams v. State, No. 09-10-00447-CR (Tex. App.--Beaumont 2011, pet.
ref'd). 

 Applicant contends, among other things, that trial counsel, knowing that Applicant had filed
a formal complaint against the trial judge, failed to timely file a motion to recuse the trial judge and
requested that the trial judge sentence Applicant. The trial court found that there were no
controverted, previously unresolved facts material to the legality of Applicant's confinement and
recommended that we deny relief. We disagree. The record is not sufficient to resolve Applicant's
ineffective assistance of counsel claims. (1)

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's ineffective assistance of counsel claim. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether trial counsel's
conduct was deficient and, if so, Applicant was prejudiced. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 23, 2013

Do not publish




 
1. In its response, the State argues that the grounds in this application that were not raised
on direct appeal could and should have been raised there. We have repeatedly held that
ineffective assistance of counsel claims should be raised in an Article 11.07 application because
the record on direct appeal is often inadequate. Thompson v. State, 9 S.W.3d 808, 814 (Tex.
Crim. App. 1999). In Applicant's case, we find no reason to disagree with this principle.